IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL STEVEN GORDON  :

                :

v.  :  Civil Action No. DKC-08-3358

                :

OFFICE OF PERSONNEL MANAGEMENT
                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Defendant's motion to remand and dismiss. (Paper 9). The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will grant Defendant's motion and remand the case to the United States Office of Personnel Management.

**I. Background**

Plaintiff initiated this *pro se* action on December 15, 2008, seeking to recover on a claim for health benefits against Defendant, the United States Office of Personnel Management. (Paper 1). Plaintiff asks the court to review Defendant's denial of Plaintiff's claim for medical expenses that Plaintiff incurred in 2005 for trigger point injections. (*Id.* at 1). On June 30, 2009, Defendant filed a motion to remand and dismiss. (Paper 9). Defendant argues that its administrative record regarding Plaintiff's medical history is incomplete and the case

should be remanded for further administrative proceedings, including referral to an independent medical specialist for review. (*Id.* at 1-2). Plaintiff filed a motion to deny remand on July 29, 2009.[1] (Paper 11). Plaintiff alleges that Defendant had all of Plaintiff's medical records when it made its decision to deny Plaintiff's claim for reimbursement of medical expenses. (*Id.* at ¶¶ 1-2). Defendant filed a reply in support of its motion to remand and dismiss on August 12, 2009. (Paper 12). Defendant asserts that it is appropriate for the court to remand the case to the Office of Personnel Management, so long as the agency's concern is substantial and legitimate. (*Id.* at 2). On August 21, 2009, Plaintiff filed a surreply, in which Plaintiff alleges that Defendant erroneously denied his health benefits in 2005.[2] (Paper 13).

**II.  Standard of Review**

Judicial review of an action against the Office of Personnel Management for a health benefits claim is limited to

---

[1] The court considers Plaintiff's motion to deny remand to be a response in opposition to Defendant's motion to remand.

[2] Unless otherwise ordered by the court, surreply memoranda are not permitted to be filed. Local Rule 105.2(a). "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D.Md. 2003) (citing *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C. 2001)). In light of Plaintiff's *pro se* status and the fact that Defendant's reply raised additional case law regarding the circumstances under which remand is appropriate, the surreply will be permitted.

the record that was before Defendant when Defendant rendered its decision affirming a carrier's denial of benefits.  5 C.F.R. § 890.107(d)(3).  The court may only review whether Defendant's administrative adjudication was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A).  When an administrative agency has given an explanation for its action, but the validity of the finding cannot be sustained on the record made, it is appropriate to remand the case to the agency.  *Camp v. Pitts*, 411 U.S. 138, 143 (1973).  The Administrative Procedure Act states that determinations as to the arbitrariness of an agency decision are to be made based upon the whole record.  5 U.S.C. § 706.

**III. Analysis**

Defendant argues that the case should be remanded because Defendant's final decision on Plaintiff's health benefits claim was premised upon an incomplete record.  Defendant states that it determined that trigger point injections that Plaintiff received in 2004 were medically necessary, while trigger point injections that Plaintiff received in 2005 were not medically necessary.  (Paper 9, at 2).  Defendant asks for a remand so that an independent medical reviewer may reexamine Defendant's record, including new materials that Plaintiff submits, to determine whether Plaintiff's 2005 trigger point injections were

3

medically necessary and to support the validity of Defendant's findings. (*Id.* at 2-3).

Plaintiff counters that the case should not be remanded because Defendant has made a number of mistakes in processing his claims. Plaintiff reports that Defendant had all of Plaintiff's medical records when it was making its decision. (Paper 11, at 1). Plaintiff states that Defendant has had enough time to make a decision on his claims. (*Id.*). Plaintiff has attached to his response and surreply correspondence between Plaintiff and Defendant, correspondence from Plaintiff's medical providers, and agency regulations for health benefits claims.

Because Defendant claims that it lacked records needed to make an informed determination as to the medical necessity of the procedure, any subsequent judicial review of that determination would be limited to the incomplete administrative record. 5 C.F.R. § 890.107(d)(3). While Plaintiff has reason to be skeptical that Defendant's motion to remand will benefit him, the court would likely have to affirm Defendant's previous decision on Plaintiff's case if the court decided the issue on the basis of the still incomplete record. Thus, because Defendant has a "substantial and legitimate basis for its remand request," the court will remand the case to the Office of Personnel Management. (Paper 12, at 3).

4

By remanding this case to Defendant, the court expects that Plaintiff will be able to submit the additional documentation that he has provided to the court to Defendant for its independent review of Plaintiff's file.  Defendant has represented: "[a] remand will allow an independent medical reviewer to look at the entire record – including any new or additional materials that Plaintiff wishes to submit on remand – to determine whether the [trigger point injections] in 2005 were medically necessary and to provide a sound medical basis for that conclusion."  (Paper 9, at 2-3).

**IV.  Conclusion**

For the foregoing reasons, Defendant's motion to remand will be granted.  A separate Order will follow.

                                        /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge

5